**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-5000

CLIFF FRAZIER, a/k/a Al,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-97-11)

Submitted: October 20, 1998

Decided: December 10, 1998

Before MURNAGHAN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Preston Bailey, BAILEY, RILEY, BUCH & HARMAN, L.C.,
Wheeling, West Virginia, for Appellant. Sharon L. Potter, OFFICE
OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cliff Frazier appeals from his conviction, pursuant to a guilty plea, of distribution of cocaine in violation of 21 U.S.C.§ 841(a)(1) (1994), and aiding and abetting in violation of 18 U.S.C.§ 2 (1994). Frazier was sentenced to 155 months imprisonment, three years supervised release, and a $50 special assessment. Finding no error, we affirm.

Counsel for Appellant has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing whether the district court conducted a proper plea hearing pursuant to Fed. R. Crim. P. 11, whether the district court erred denying Frazier's pro se motions to withdraw his guilty plea, for a continuance, for substitute counsel, and whether the district court erroneously sentenced Frazier as a career offender. Counsel concedes, however, that there are no meritorious issues for appeal. Frazier was informed of his right to file a pro se supplemental brief and was granted an extension of time to file the brief, but he failed to file one.

We accord great deference to the district court's determination regarding how to conduct the Rule 11 hearing, and evaluate alleged Rule 11 violations under a harmless error standard. See United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir. 1991). We will vacate a conviction resulting from a guilty plea only if the trial court's violation of Rule 11 affected a defendant's substantial rights. Id. at 117. Our review of the record reveals that the district court fully discussed the nature and elements of the charge against Frazier, the applicable penalties, including the effect of supervised release, and ensured that he consulted with and was satisfied with his counsel. The court also addressed the rights Frazier forfeited by virtue of his plea, told Frazier of the impact of the Sentencing Guidelines, and ascertained that there was a factual basis for the plea. Finally, the court questioned Frazier to ensure that his plea was voluntary. Accordingly, we find no viola-

2

tion of Rule 11, much less one that affected Frazier's substantial rights.

Counsel next raises as a potential claim the district court's denial of Frazier's pro se motion to withdraw his guilty plea pursuant to Fed. R. Crim. P. 32. The denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. See United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir. 1993). Withdrawal of a guilty plea is not a matter of right. See United States v. Ewing , 957 F.2d 115, 119 (4th Cir. 1992). To warrant a withdrawal of a plea, a defendant has the burden of showing a "fair and just" reason for the withdrawal, even if the government has not shown that it would be prejudiced by the withdrawal. See id.; United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The court evaluates the proffered reason in light of: (1) whether the plea was knowing and voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) the length of delay between the entry of the plea and the filing of the motion to withdraw; (4) whether the defendant had close assistance of effective counsel; (5) whether withdrawal would prejudice the government; and (6) whether withdrawal would inconvenience the court or waste judicial resources. See Moore, 931 F.2d at 248.

Frazier argued that he should have been allowed to withdraw his guilty plea because defense counsel allegedly divulged information to the government prior to the plea negotiations and because he and the district court judge "could not see eye to eye on certain things." The district court properly found that Frazier's plea was knowingly and voluntarily given; that Frazier had not credibly asserted his legal innocence; that there was a substantial delay between the entry of the plea and the motion to withdraw; and that to allow a withdrawal of his plea at that stage of the proceedings would result in a waste of judicial resources. Therefore, the district court properly concluded that Frazier failed to show a fair and just reason that would warrant withdrawal of his guilty plea. We find that the district court did not abuse its discretion in denying Frazier's withdrawal motion.

Counsel also raises the district court's denial of Frazier's motion for a continuance so he could procure substitute counsel to prepare a motion to withdraw the guilty plea. To warrant reversal of a denial of a motion for a continuance, an appellant must establish both that the

3

district court abused its discretion and that he was prejudiced by the denial. See United States v. Bakker, 925 F.2d 728, 735 (4th Cir. 1991). The district court found that the motion was untimely because it was filed one day before the sentencing hearing. Further, as noted above, the district court properly denied the motion to withdraw the guilty plea, so Frazier was not prejudiced by the denial of his request for a continuance. Accordingly, the district court's refusal to continue the case was not an abuse of discretion.

Finally, counsel challenges the district court's denial of Frazier's motion for substitute counsel.* The district court's order is reviewed for abuse of discretion. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). In evaluating whether the district court abused its discretion, we consider: (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense. Id. at 108.

Frazier's claim that the district court erred in denying the motion for substitute counsel is without merit because he has failed to demonstrate good cause. The district court inquired into Frazier's complaint against counsel and found it baseless. Frazier essentially requested substitute counsel because his counsel at the time refused to order transcripts of two prior hearings in which Frazier's two previous lawyers were allowed to withdraw and a transcript of the guilty plea colloquy. As the district court found, Frazier was present at the hearings in which prior counsel withdrew, and further, the district court acted favorably upon Frazier's motions at the hearings. Moreover, the transcript of the plea colloquy would simply reflect that Frazier's plea was knowingly and voluntarily entered. We find that the district court's denial of Frazier's motion for substitute counsel, filed

_____

*At the district court and on appeal, Frazier has had a total of four different appointed attorneys. The first two attorneys appointed to represent him at the district court level were permitted to withdraw. The third attorney appointed at the district court level was the subject of the substitution motion, the denial of which is now challenged on appeal. Frazier has been represented on appeal by a fourth appointed attorney.

4

nearly two months after he entered his guilty plea, was not an abuse of discretion.

Lastly, we find that Frazier was correctly sentenced as a career offender. He was over eighteen years old when he committed the instant felony offense, which involved a controlled substance, and he had two prior felony convictions. See U.S. Sentencing Guidelines Manual § 4B1.1 (1995). Frazier had previously been convicted of a drug trafficking offense and attempted aggravated arson. The offenses were not related, and the sentence in each case was imposed within the applicable time period. See USSG § 4A1.2(e) (1995). We find that Frazier was properly sentenced.

In accordance with the requirements of Anders , we have reviewed the record for potential error and have found none. Therefore, we affirm Frazier's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5